Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence affirms in part and reverses in part the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. On 25 July 1994, the date of the alleged injury by accident giving rise hereto, the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act.
3. On said occasion, an employer-employee relationship existed between plaintiff and defendant, and defendant was self-insured with Key Risk Management Services as the servicing agent.
4. Plaintiffs average weekly wage is $482.70, yielding a compensation rate of $321.82.
5. A set of Industrial Commission forms, orders and motions contained in an indexed packet of records were marked as stipulated exhibit 1 and received into evidence.
6. An indexed set of medical records were marked as stipulated exhibit 2 and received into evidence.
7. A job summary with attached W-2 forms was marked stipulated exhibit 3 and received into evidence.
 ***********
Based upon all of the competent evidence adduced from the record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Plaintiff sustained an injury by accident arising out of and in the course of his employment on 5 July 1994. A Form 21 was entered into by the parties and approved by the Commission on 26 August 1994, in which plaintiff was awarded weekly compensation at the rate of $321.82.
2. On 5 January 1995, Dr. Ralph Loomis determined that plaintiff had reached maximum medical improvement and released plaintiff to return to work as an electrician with a restriction that he lift no more than 50 pounds. Plaintiff returned to work as a commercial electrician for defendant-employer on 9 January 1995.
3. On 18 January 1995, defendant-employer terminated plaintiff for failing to call in to work to give an explanation as to why he had not shown up. Plaintiff did not show up to work because he did not have transportation that day.
4. On 19 January 1995, plaintiff began work with the company Danco Construction Company as an industrial electrician.
5. On 22 March 1995, the Industrial Commission approved a Form 26 Agreement whereby defendant agreed to pay plaintiff permanent partial disability compensation based upon a 10% rating of his back rendered by Dr. Loomis. Defendant agreed to pay plaintiff $321.88 per week for 30 weeks for a total amount of $9656.40.
6. Plaintiff was forwarded his last compensation check on or about 28 March 1995.
7. Plaintiff worked for Danco Construction Company for approximately 7 to 8 months, at which time his pain continued to increase. When plaintiffs brother opened a heating and air conditioning business, Norman Heating and Air, plaintiff left Danco Construction Company and started working for his brother. Plaintiffs hourly wages while working for Norman Heating and Air have not been provided to the Commission. Eventually, he became a foreman. While working for Norman Heating and Air, plaintiff missed occasional days due to his back pain; however, the foreman job greatly lessened the strain on plaintiffs back and he was able to continue his employment for approximately one year.
8. On 3 December 1996, plaintiff returned to Dr. Loomis complaining that his pain had changed and was beginning to radiate into his right leg. Dr. Loomis ordered another MRI scan which was taken on 7 January 1997. The scan revealed degenerative changes at L4-L5 and L5-S1. Dr. Loomis did not recommend surgery, and suggested only that plaintiff limit his duties with his brothers business, including no lifting over 30 pounds and no working on ladders over 6 feet.
9. On 31 December 1996, plaintiff left his job with Norman Heating and Air due to the unbearable back pain that he was experiencing. Thereafter, plaintiff continued to receive medical treatment and rested his back. Plaintiff was incapable of working due to his back condition from 31 December 1996 until 11 March 1997.
10. On 29 January 1997, plaintiff filed a petition to re-open his claim based upon a change of condition in his back resulting in a partial loss of wage earning capacity.
11. On 11 March 1997, plaintiff began work with Little Rock Electric Company making $15.00 per hour, a wage greater than that which he earned with defendant-employer. Plaintiff was laid off from Little Rock Electric Company on 13 May 1997, upon completion of the project he had been working on. For the next few months plaintiff did not work but rested his back in order to be able to return to work. From 1 August 1997 through 30 September 1997, plaintiff worked for Brown and Root, again making $15.00 per hour. Plaintiff stopped working due to continuing unbearable back pain. After another period of resting his back, plaintiff attempted to return to work with Norman Heating and Air on 9 February 1998, but due to a severe flare up of back pain, he ceased working for his brother on 18 February 1998. At the time of the hearing before the Deputy Commissioner, plaintiff had not returned to work.
12. Dr. Loomis last saw plaintiff on 28 April 1998, at which time he believed plaintiff was still working for Norman Heating and Air. In a "To Whom it May Concern letter dated 4 August 1998 in which Dr. Loomis stated his belief that plaintiff stopped working on 1 May 1998, he opined that plaintiff was unable to work from 1 May 1998 "up until the current time. The parties have stipulated that plaintiff ceased working for Norman Heating and Air on 18 February 1998; therefore, the Full Commission accepts the opinion of Dr. Loomis regarding plaintiffs total disability, but gives no weight to the erroneous date of 1 May 1998 in favor of 18 February 1998 as per the stipulation. Because Dr. Loomis had not examined plaintiff since 28 April 1998, and did not do so until November 1998, the ending date of total disability as contained in the 4 August 1998 letter is not deemed credible. Rather, the Full Commission finds that the phrase "up until the current time is indicative of only the date of the letter and not of an end to plaintiffs total disability.
13. Plaintiff last presented to Dr. Loomis on 2 November 1998. Subsequent to the examination, Dr. Loomis testified that plaintiff was able to return to work with a lifting restriction of thirty pounds. Based upon the results of this examination, the Full Commission finds that plaintiffs total disability ended as of 2 November 1998.
14. Plaintiff suffered a substantial change in his capacity to earn wages following the 28 March 1995 final award of compensation, which resulted in his disability from 31 December 1996 through 11 March 1997, and from 1 October 1997 to 9 February 1998. Plaintiffs 29 January 1997 petition to re-open his claim on grounds of a change in condition resulting in a partial loss of wage earning capacity was timely filed.
15. On 11 February 1999, plaintiff filed a second claim based upon a change in condition, alleging a recurrence of his back symptoms which rendered him totally disabled beginning 26 February 1998. Because plaintiff was eligible for disability compensation from 31 December 1996 through 11 March 1997 as a result of his first petition to re-open his claim, his 11 February 1999 petition to re-open his claim on grounds of a change in condition was timely filed.
16. Based upon plaintiffs consistent history in seeking employment when he was capable of working, as well as the Deputy Commissioners finding of fact based upon his observation of plaintiffs demeanor during his testimony, the Full Commission finds plaintiffs testimony that he was unable to perform the work required in his brothers heating and air conditioning business beginning 31 December 1996, due to unbearable back pain to be credible.
17. Based upon plaintiffs consistent history of seeking employment when he was capable of working, as well as the Deputy Commissioners finding of fact based upon his observation of plaintiffs demeanor during his testimony, the Full Commission finds plaintiffs testimony that he was unable to perform the work required with Brown and Root beginning 1 October 1997 due to unbearable back pain as credible.
18. Based upon plaintiffs consistent attempts to find suitable employment, the medical and other evidence presented, and the Deputy Commissioners finding of fact based upon his observation of plaintiffs demeanor during his testimony, the Full Commission finds that plaintiff was unable to perform the work required in his brothers heating and air conditioning business for the time period from 18 February 1998 through 2 November 1998.
19. As a result of his 5 July 1994 compensable injury by accident, plaintiff was unable to earn any wages from 31 December 1996 to 11 March 1997, from 1 October 1997 to 9 February 1998 and from 18 February 1998 to 2 November 1998.
20. Since 2 November 1998, plaintiff has been physically able to work within the restrictions imposed by Dr. Loomis. There is insufficient evidence before the Commission to determine whether plaintiff has conducted a reasonable, but unsuccessful job search since that time, or whether there is suitable employment available for plaintiff.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Within two years from the date of the last payment of compensation, plaintiff experienced a substantial change of condition when he could no longer work for his brother in the heating and air conditioning business because of the unbearable pain which resulted in his disability beginning 31 December 1996 and continuing through 11 March 1997 and from 1 October 1997 to 9 February 1998. Plaintiffs 29 January 1997 petition to reopen for a change of condition was timely filed. N.C. Gen. Stat. 97-47.
2. Plaintiff is entitled to receive total disability compensation in the amount of $321.82 per week for the time period beginning 31 December 1996 to 11 March 1997, and from 1 October 1997 to 9 February 1998. N.C. Gen. Stat. 97-29.
3. Within two years from the date plaintiffs last payment of compensation was due and payable on his first change of condition claim, plaintiff experienced another substantial change of condition because of unbearable pain which again caused his incapacity to earn wages. Pursuant to plaintiffs second motion for a substantial change in condition, which was timely filed on 11 February 1999, plaintiff is entitled to receive total disability compensation from 18 February 1998 through 2 November 1998. N.C. Gen. Stat. 97-29.
4. Plaintiffs entitlement to compensation ended after the 2 November 1998 release to return to work from Dr. Loomis, due to his failure to attempt to secure suitable employment since that time. N.C. Gen. Stat.97-29.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay to plaintiff total disability compensation in the amount of $321.82 per week for the time period beginning 31 December 1996 to 11 March 1997, from 1 October 1997 to 9 February 1998 and from 18 February 1998 to 2 November 1998. This amount has accrued and shall be paid in a lump sum subject to the attorneys fee approved below.
2. A reasonable attorneys fee of 25% of the compensation due plaintiff under Paragraph 1 of this Award is approved for plaintiffs counsel and shall be deducted from the lump sum due plaintiff and paid directly to plaintiffs counsel.
3. Defendant shall pay medical expenses incurred or to be incurred by plaintiff which are related to his compensable injury and which are required to effect a cure or give relief.
4. Defendant shall pay an expert witness fee in the amount of $265.00 to Dr. Loomis.
5. Defendant shall pay the costs of this action.
This the day of January, 2001.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER